IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. BROWN, | : | |
| | : | |
|     Plaintiff | : | CIVIL NO. 1:16-CV-01585 |
| | : | |
|   vs. | : | |
| | : | |
| SARAH DEES, et al., | : | (Judge Rambo) |
| | : | |
| | : | |
|     Defendants | : | |

-----------------------------------------------------------

| | | |
|---|---|---|
| JOSEPH A. BROWN, | : | |
| | : | |
|     Plaintiff | : | CIVIL NO. 1:16-CV-01700 |
| | : | |
|   vs. | : | |
| | : | |
| MATT EDINGER, ET AL., | : | (Judge Rambo) |
| | : | |
| | : | |
|     Defendants | : | |

**MEMORANDUM**

**Background**

On July 28, 2016, Plaintiff Joseph A. Brown, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg")(Federal Bureau of Prisons inmate number 09401-07), filed a civil rights action, Civil No. 1:16-CV-1585, purportedly pursuant to 28

U.S.C. § 1331, <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act.[1] (Doc. 1.) The Defendants named in that complaint are Sarah Dees, a physician assistant at USP-Lewisburg and the United States of America. Brown claims that he received inadequate medical care for burns he sustained when he spilled scalding, hot water on his groin.[2] Along with the

---

1. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

<u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978). The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. <u>United States v. Muniz</u>, 374 U.S. 150, 150 (1963). In presenting a FTCA claim, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. <u>Mahler v. United States</u>, 196 F. Supp. 362, 364 (W.D. Pa. 1961), <u>aff'd</u> 306 F.2d 713 (3d Cir. 1962), <u>cert. denied</u>, 371 U.S. 923 (1962).

2. Brown claims that he "suffered burns along the penis and other groin areas including the leg after

(continued...)

complaint, Brown filed a motion to proceed in forma pauperis and an authorization to have funds deducted from his prison account to pay the filing fee in installments. In the motion to proceed in forma pauperis (Doc. 2, Civil No. 16-1585) Brown stated under penalty of perjury that prior to the filing of the complaint he did not file 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

On August 12, 2016, Brown (inmate number 09401-007) filed another civil complaint under Bivens. Brown v. Edinger, et al., Civil No. 1:16-CV-1700. In that complaint Brown names as Defendants several individuals employed at USP-Lewisburg, including Unit Manager Matt Edinger, and claims, inter alia, that Defendants failed to protect him on February 4, 2016, from an assault by another inmate. Along with the complaint, Brown filed a

---

2. (...continued)
accidently spilling a container of 190° hot water on [him]self [on] Jan[uary] 2, 2015" and the defendants were deliberately indifferent and "negligently failed, and refused to respond to the urgent medical emergency to treat [him]." (Doc. 1-1, at 2.)

motion to proceed in forma pauperis and an authorization to have funds deducted from his prison account to pay the filing fee in installments.  In the motion to proceed in forma pauperis (Doc. 2, Civil No. 16-1700) Brown stated under penalty of perjury that prior to the filing of the complaint he did not file 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

An electronic search on PACER has revealed that Brown falsely claimed that he did not previously file 3 or more cases that were dismissed for failure to state a claim upon which relief may be granted. The court will now enumerate Brown's prior cases which were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

3. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

On September 15, 2011, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Eastern District of California. Brown v. United States of America, et al., No. 1:11-CV-01562-MJS. On May 31, 2013, a fifth amended complaint filed in that action by Brown was dismissed for failure to state a claim upon which relief can be granted and it was specifically stated in the order that "the dismissal shall count as a strike under 28 U.S.C. § 1915(g)[.]"  Brown v. United States of America, et al., No. 1:11-CV-01562-MJS, slip op. at 12 (E.D.Ca. May 31, 2013)(Doc. 58).

On February 6, 2012, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Eastern District of California. Brown v. United States of America, et al., No. 1:12-CV-00165-AWI-GSA. On November 13, 2014, Brown's complaint was dismissed for failure to state a claim upon which relief can be granted and it was specifically stated in the order that the "dismissal is subject to the "three strikes' provision set forth in 28 U.S.C. § 1915(g)[.]" Brown v. United States of America, et al., No. 1:12-CV-

00165-AWI-GSA, slip op. at 2 (E.D.Ca. Nov. 13, 2014)(Doc. 63).

On December 19, 2013, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Central District of California. Brown v. Profitt, et al., No. 5:13-CV-02338-UA-RZ. On March 3, 2014, Brown's application to proceed without prepayment of the full filing fee was denied and the complaint dismissed for failure to state a claim upon which relief can be granted and it was stated that the dismissal would constitute a strike under 28 U.S.C. § 1915(g). Brown v. Profitt, et al., No. 5:13-CV-02338-UA-RZ (C.D.Ca. Mar. 7, 2014)(Doc. 3)(order re motion for leave to file action without prepayment of full filing fee).[4] For the reasons set forth below, the above-captioned cases filed by Brown in July and August of

---

4. A 1-page form order was completed by a Magistrate Judge in which the Magistrate Judge recommended denial of the motion to proceed without full prepayment of the filing fee and dismissal of the complaint for failure to state a claim upon which relief could be granted and the Chief Judge of the Central District of California adopted the recommendation.

this year will be dismissed pursuant to 28 U.S.C. § 1915(g).

**Discussion**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g), and Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir 2001)(en banc). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002). "Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. Abdul-Akbar, 239 F.3d at

7

312.  Furthermore, the Court of Appeals for the Third Circuit explained that

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315.

As stated above in the motions to proceed in forma pauperis filed by Brown, he falsely stated that he did not have three or more strikes.  A review of the District Court dockets in California reveals that Brown has three strikes.  Also, Brown does not claim that he is in "imminent" danger of serious physical injury and there are no facts set forth in Brown's complaints from which it could be concluded that he was in such danger at the time he filed the complaints in July and August, 2016.  Consequently, Brown's complaints will be dismissed without prejudice.

An appropriate order will be entered.

                               s/Sylvia Rambo
                               SYLVIA H. RAMBO
                               United States District Judge

Date: December 8, 2016