IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH A. BROWN, :
: 
    Plaintiff : CIVIL NO. 1:16-CV-01700
:
  vs. :
:
MATT EDINGER, ET AL., : (Judge Rambo)
:
:
    Defendants :

### MEMORANDUM

### Background

On August 12, 2016, Plaintiff Joseph A. Brown, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg")(Federal Bureau of Prisons inmate number 09401-07), filed the above-captioned civil rights action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1] (Doc. 1.)  In that complaint Brown

---

1. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
    <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally
(continued...)

named as Defendants several individuals employed at USP-Lewisburg, including Unit Manager Matt Edinger, and claims, inter alia, that Defendants failed to protect him on February 4, 2016, from an assault by another inmate. Along with the complaint, Brown filed a motion to proceed in forma pauperis and an authorization to have funds deducted from his prison account to pay the filing fee in installments.  In the motion to proceed in forma pauperis (Doc. 2) Brown stated under penalty of perjury that prior to the filing of the complaint he did not file 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

An electronic search on PACER revealed that Brown falsely claimed that he did not previously file 3 or more cases that were dismissed for failure to state a claim upon which relief may be granted. By memorandum of

---

1. (...continued)
protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

December 8, 2016, the court enumerated Brown's prior cases which were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)[2] and in a separate order dismissed Brown's complaint under the three strikes provision.[3] (Docs. 8, 9.)  The court incorporates by reference the memorandum. (Doc. 8.)

  Subsequently, Brown filed on December 22, 2016, two motions to amend his complaint (Docs. 10, 11) and on

---

2. Section 1915(e)(2) provides:

   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

3. Section 1915(g) provides:

   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

January 4, 2017, a motion to amend his in forma pauperis application. (Doc. 12.) In light of the court's memorandum and order of December 8, 2016, the court will deny the motions to amend. Brown has three-strikes and there is no indication in the complaint or the motions to amend that he meets the criteria of the "imminent danger" exception of 28 U.S.C. § 1915(g). As for the motion to amend his in forma pauperis application Brown alleges that he did not realize that he had three strikes and requests that he be permitted to correct the error. The court discerns no basis to allow Brown to correct the error. As noted in the memorandum of December 8, 2016, the decision dismissing the prior cases specifically informed Brown that the dismissals would be counted as strikes under 28 U.S.C. § 1915(g). Furthermore, even if he were permitted to delete from his in forma pauperis application the statement that he did not have three strike, it would not change the outcome. Consequently, Brown's motions to amend the complaint and the in forma pauperis application will be denied.

An appropriate order will be entered.

                                                <u>s/Sylvia Rambo</u>
                                                SYLVIA H. RAMBO
                                                United States District Judge

Date: January 10, 2017